THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
LISABETH SHINER
Special Assistant United States Attorney
California Bar Number 151792
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6528
    Facsimile: (213) 894-7177
    E-mail: Lisabeth.Shiner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CV 07-5325 AHM (JTLx) |
| Plaintiff, | ) | PLAINTIFF'S NOTICE OF MOTION |
| | ) | AND MOTION FOR DEFAULT JUDGMENT |
| v. | ) | AGAINST THE INTERESTS OF JAMES |
| | ) | TURNER, BEVERLY TURNER, AND ALL |
| $355,000.00 IN U.S. CURRENCY, | ) | OTHER POTENTIAL CLAIMANTS; |
| | ) | MEMORANDUM OF POINTS AND |
| Defendant. | ) | AUTHORITIES; DECLARATION OF |
| | ) | LISABETH SHINER IN SUPPORT |
| | ) | THEREOF |
| | ) | |
| | ) | [Fed. R. Civ. P. 55(b) |
| | ) |  Local Rule 55-1] |
| | ) | |
| | ) | DATE: May 19, 2008 |
| | ) | TIME: 10:00 a.m. |
| | ) | Before the Honorable A. Howard |
| | ) | Matz, United States District |
| | | Judge |

PLEASE TAKE NOTICE that on May 19, 2008, at 10:00 a.m.,
plaintiff United States of America will present a Motion for the
Entry of Default Judgment against the interests of James Turner,

Beverly Turner, and all other potential claimants, before the Honorable A. Howard Matz, United States District Judge, located in Courtroom 14 at the Federal Courthouse, 312 North Spring Street, Los Angeles, California.

The motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Rules of Practice for the Central District of California. The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Lisabeth Shiner ("Shiner Dec."), and other facts appearing in the court's file and upon such further evidence, oral or documentary, as may be presented prior to or at the hearing on this motion.

DATED: April 18, 2008

> THOMAS P. O'BRIEN
> United States Attorney
> CHRISTINE C. EWELL
> Assistant United States Attorney
> Chief, Criminal Division
> STEVEN R. WELK
> Assistant United States Attorney
> Chief, Asset Forfeiture Section
>
>
> LISABETH SHINER
> Special Assistant United States Attorney
> Attorneys for Plaintiff

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### THE POTENTIAL CLAIMANT IS IN DEFAULT

On August 15, 2007, the government filed a Verified Complaint for Forfeiture to the defendant $355,000.00 in U.S. Currency (referred to hereafter as the "defendant currency") in this action pursuant to Title 21 <u>United States Code</u> § 881(a)(6).  <u>See</u> Shiner Dec. at ¶ 2.

On December 11, 2007, the government filed a First Amended Verified Complaint for Forfeiture to the defendant $355,000.00 in U.S. Currency (referred to hereafter as the "defendant currency") in this action pursuant to Title 21 <u>United States Code</u> § 881(a)(6). <u>Id.</u> at ¶ 3.

Process was executed upon the defendant currency by the United States Marshals Service in accordance with Supplemental Rule E(4)(b) on January 2, 2008. <u>Id.</u> at ¶ 4.

Beginning on December 24, 2007, December 31, 2007, and January 7, 2008, notice of the seizure of the defendant currency and the time to file a claim and answer was published in the <u>LOS ANGELES DAILY JOURNAL</u> for three consecutive weeks as required by Supplemental Rule G(4) and Local Rules C(3) and C(4)(a)(1). Attached hereto as Exhibit "A" is a true and correct copy of the Proof of Publication. <u>Id.</u> at ¶ 5.

On December 11, 2007, the United States served notice of the Complaint on potential claimant James Turner at his last known

/ / /

/ / /

/ / /

3

1  address in Los Angeles, California.[1]   The notice was sent by
2  certified mail with a claim letter describing the defendant
3  currency seized in the above action and giving notice as to the
4  time within which a claim and answer were required to be filed as
5  required by Local Rule C(4)(a)(3).  Copies of the First Amended
6  Verified Complaint and the United States Marshal's Notice of
7  Seizure were also provided.  Attached hereto as Exhibit "B" is a
8  true and correct copy of the claim letter, which was returned
9  stamped "NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Id. at
10  ¶ 6.

11      On December 11, 2007, the United States served a notice of the
12  Complaint to potential claimant James Turner in care of his
13  attorney in a related criminal case, Cornell Price.  The notice was
14  sent by certified mail with a claim letter describing the defendant
15  currency seized in the above action and giving notice as to the
16  time within which a claim and answer were required to be filed as
17  required by Local Rule C(4)(a)(3).  Copies of the First Amended
18  Verified Complaint and the United States Marshal's Notice of
19  Seizure were also provided.  Attached hereto as Exhibit "C" is true
20  and correct copy of the claim letter, and a copy of the green
21  United States Postal Service return receipt card.  Id. at ¶ 7.

22      On December 11, 2007, the United States served notice of the
23  Complaint on potential claimant Beverly Turner at her last known
24  address in Los Angeles, California.[2]   The notice was sent by
25  certified mail with a claim letter describing the defendant

27  [1] The address was redacted pursuant to Local Rule 79-5.4(e).
28  [2] The address was redacted pursuant to Local Rule 79-5.4(e).

4

currency seized in the above action and giving notice as to the time within which a claim and answer were required to be filed as required by Local Rule C(4)(a)(3).  Copies of the First Amended Verified Complaint and the United States Marshal's Notice of Seizure were also provided.  Attached hereto as Exhibit "D" is a true and correct copy of the claim letter, which was returned stamped "NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Id. at ¶ 8.

In accordance with Supplemental Rule G(5), the time for potential claimants James Turner and Beverly Turner to file a claim in this action expired on January 15, 2008, and the time for filing an answer expired on February 4, 2008. Id. at ¶ 9.

Mr. Price, James Turner's attorney, told government counsel that he intended to file a claim prior to the January 15, 2008 deadline.  Shiner Dec. ¶ 10.  A timely claim was not received.

On February 6, 2008, government counsel sent Mr. Price a letter stating that if a verified claim was not filed by February 13, 2008, the government would request that default be entered.  A true and correct copy of the letter is attached to the Shiner Dec. as Exhibit "E" .

On February 20, 2008, government counsel sent Mr. Price an e-mail stating that the government would wait until March 4, 2008 to file a request for entry of default.  A true and correct copy of the e-mail is attached to the Shiner Dec. as Exhibit "F".  No further extensions have been requested.

On March 18, 2008, plaintiff filed its Application For Entry of Default By Clerk Against the Interests of James Turner, Beverly Turner, and All Other Potential Claimants.  See Docket #16.  On

March 21, 2008 (three days after the application for entry of
default was filed and well beyond the March 4, 2008 deadline),
James Turner filed an untimely claim. See Docket #17.

On March 27, 2008, a Default by Clerk was entered as to the
government's First Amended Verified Complaint for Forfeiture
against the interests of James Turner, Beverly Turner, and all
other potential claimants. A true and correct copy of the Default
by Clerk is attached to the Shiner Dec. as Exhibit "G." Id. at
¶ 12.

Plaintiff has not received a filed claim or answer from
potential claimant Beverly Turner or any other potential claimant.
Id. at ¶ 14.

On information and belief, potential claimants James Turner
and Beverly Turner are neither minors nor incompetent persons.
Id. at ¶ 15.

On information and belief, potential claimants James Turner
and Beverly Turner do not serve in the U.S. military; accordingly,
the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply.
Id. at ¶ 16.

On the date of filing, the government's Notice of Motion and
Motion for Default Judgment was served by U.S. mail on potential
claimant Beverly Turner at her last known address and on James
Turner at his place of incarceration and in care of James Turner's
attorney in a related criminal matter. Id. at ¶ 17.

/ / /
/ / /
/ / /
/ / /

6

## II

### THE FIRST AMENDED VERIFIED COMPLAINT ALLEGES A SUFFICIENT CLAIM

### FOR FORFEITURE

In 2003, agents of the Federal Bureau of Investigation ("agent" or "agents") initiated an investigation into the activities of the Crenshaw Mafia Gangster Bloods criminal street gang ("Crenshaw Mafia"), which was founded in Inglewood, California in the early 1990s. Members and associates of the Crenshaw Mafia are known to engage in drug sales, homicides, assaults, weapons violations and other crimes. <u>See</u> First Amended Complaint at ¶ 9.

Information obtained during the investigation revealed that Turner routinely traveled from Los Angeles, California to Memphis, Tennessee, and was involved in the interstate transportation of heroin from Los Angeles to Memphis, both for distribution and for personal use. Utilizing court-authorized wiretaps, agents intercepted numerous conversations involving Turner, in which coded language was used to discuss drug trafficking or other criminal activities. Several of those intercepted telephone conversations are described below. <u>Id.</u> at ¶ 10.

On January 28, 2006, Turner told Charles Leroy Twyman a.k.a. "Lee" ("Twyman") that "Mike" (last name unknown)("Mike LNU") wanted to give Turner approximately ten ounces of heroin to sell in Memphis, Tennessee. Turner told Twyman that he would have Mike LNU package the heroin like a tampon. Then Turner would have Lashawn Andrea Lynch ("Lynch") fly to Memphis, Tennessee, with the heroin. Turner told Twyman that he and David Cole, Jr. ("Cole") could help Turner by putting Lynch on a plane. <u>Id.</u> at ¶ 11.

/ / /

7

On January 29, 2006, Turner told Twyman that all Cole had to do was get the approximately ten ounces of heroin and give it to Lynch. Turner would pay Mike LNU for the approximately ten ounces of heroin after he (Turner) came back to Los Angeles. Id. at ¶ 12.

On January 30, 2006, Turner told Twyman that Mike LNU had told Cole to come and get the approximately ten ounces of heroin. Turner told Twyman that they could make $15,000 to $30,000 selling heroin in Memphis, Tennessee. Id. at ¶ 13.

On February 3, 2006, Turner told Twyman that Cole was going to pick up the approximately ten ounces of heroin that Turner had ordered from Mike LNU and give the heroin to Lynch. Turner said that Lynch was ready and just needed to buy a plane ticket to Memphis, Tennessee. Later that day, Turner told Twyman that Cole had the approximately ten ounces of heroin and would give the heroin to Lynch. Turner said he needed Twyman to help get Lynch a one-way plane ticket to Memphis, Tennessee. Id. at ¶ 14.

On February 4, 2006, Turner told Twyman that Lynch already had a plane ticket, and asked Twyman to give Lynch one hundred dollars for her pocket and some cocaine for her nerves. That same day, Twyman gave Lynch approximately 2.58 grams of cocaine. Id. at ¶ 15.

On February 5, 2006, approximately 239 grams of heroin and approximately 2.58 grams of cocaine were seized from Lynch at the Los Angeles International Airport as she was en route to deliver to the heroin to Turner in Memphis, Tennessee. Id. at ¶ 16.

In connection with this investigation, on July 27, 2006, agents executed twenty-two federal search warrants at seventeen locations in the greater Los Angeles area, including Turner's

residence, as well as on five vehicles.   At approximately 6:00 a.m., agents executed the search warrant at Turner's residence. Present at the location were Turner, Mrs. Turner, and their grandson, Troy Turner ("grandson").   When advised of the search warrant, Turner responded, "You're twenty years too late." Id. at ¶ 17.

At approximately 8:50 a.m., Turner, Mrs. Turner, and their grandson left the location in a white Kia belonging to Mrs. Turner, which had already been searched.   Upon searching the garage, agents observed   an unlocked dark-colored Kia sedan with keys in the ignition, which was registered to Turner.   From the trunk, agents recovered a suitcase containing $355,000.00 in U.S. currency (the defendant currency).   In addition to the defendant currency, officers also recovered two scales from the garage.   Id. at ¶ 18.

The defendant currency was in several bundles, each comprised of bills in various denominations ranging from $1.00 to $100.00. The cash bundles appeared to be broken down into small, medium and large sizes.   The small bundles appeared to consist of $1,000.00 in varying denominations.   The medium bundles consisted of five small bundles totaling approximately $5,000.00.   The large bundles consisted of five medium bundles totaling $25,000.00.   There were a total of fourteen large bundles and one medium bundle. Id at ¶19.

The search was concluded at approximately 10:30 a.m.   Mrs. Turner had returned to the residence and was told that a suitcase full of cash was found in Turner's car.   She stated that she did not know anything about the cash and did not question why the defendant currency was being seized.   Id. at ¶ 20.

/ / /

On September 23, 2007, an underseal indictment was filed against Turner, Cole, Twyman, Lynch, and Mike LNU on charges of conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846 and to distribute heroin and possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841. _Id._ at ¶ 21.

In October of 2007, Turner was arrested in Indianapolis, Indiana and charged with possession of a controlled substance for sale. In addition, Turner's criminal history includes a 1965 felony conviction for first degree robbery, a 1983 conviction for possession of a controlled substance for sale, a 1984 felony conviction for being a felon in possession of a firearm, a 1986 felony conviction for possession of a controlled substance for sale and a 1986 felony conviction for being a felon in possession of a firearm. _Id._ at ¶ 22.

Plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). _Id._ at ¶ 23.

Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. §§ 841 and 846. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).
/ / /

1

                              **CONCLUSION**

2          For   the   foregoing   reasons,   the   government   respectfully

3    requests that the Court grant this motion for a default judgment.

4    DATED: April _18_, 2008

5                              Respectfully submitted,

6                              THOMAS P. O'BRIEN
                               United States Attorney
7                              CHRISTINE C. EWELL
                               Assistant United States Attorney
8                              Chief, Criminal Division
                               STEVEN R. WELK
9                              Assistant United States Attorney
                               Chief, Asset Forfeiture Section
10
11

                               LISABETH SHINER
12                             Special Assistant United States Attorney
                               Attorneys for Plaintiff
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF LISABETH SHINER

I, LISABETH SHINER, hereby declare and state as follows:

I have personal knowledge of the following facts and, if called as a witness, would testify thereto under oath.

1.   I am a Special Assistant United States Attorney in the Central District of California.   In my capacity as a Special Assistant United States Attorney, I am chiefly responsible for the representation of the government's interest in this action, entitled <u>U.S. v. $355,000.00 in U.S. Currency</u>; No. CV 07-5325 AHM (JTLx). After reviewing plaintiff's file and records in this case, I am informed and believe that:

2.   On August 15, 2007, the government filed a Verified Complaint for Forfeiture as to the defendant $355,000.00 in U.S. Currency (the "defendant currency") in this action pursuant to Title 21 United States Code § 881(a)(6).

3.   On December 11, 2007, the government filed a First Amended Verified Complaint for Forfeiture as to the defendant $355,000.00 in U.S. Currency (the "defendant currency") in this action pursuant to Title 21 United States Code § 881(a)(6).

4.   Process was executed upon the defendant currency by the United States Marshals Service in accordance with Supplemental Rule E(4)(b) on January 2, 2008.

5.   Beginning on December 24, 2007, December 31, 2007, and January 7, 2008, notice of the seizure of the defendant currency and the time to file a claim and answer was published in the <u>LOS ANGELES DAILY JOURNAL</u> for three consecutive weeks as required by Supplemental Rule G(4) and Local Rules C(3) and C(4)(a)(1). Attached hereto as Exhibit "A" is a true and correct copy of the

12

1  Proof of Publication.

2      6.    On December 11, 2007, the United States served notice
3  of the Complaint on potential claimant James Turner at his last
4  known address in Los Angeles, California.[3]  The notice was sent
5  by certified mail with a claim letter describing the defendant
6  currency seized in the above action and giving notice as to the
7  time within which a claim and answer were required to be filed as
8  required by Local Rule C(4)(a)(3).  Copies of the First Amended
9  Verified Complaint and the United States Marshal's Notice of
10 Seizure were also provided.  Attached hereto as Exhibit "B" is a
11 true and correct copy of the claim letter, which was returned
12 stamped "NOT DELIVERABLE AS ADDRESSED.  UNABLE TO FORWARD."

13     7.    On December 11, 2007, the United States served a notice
14 of the Complaint to potential claimant James Turner in care of
15 his attorney in a related criminal case, Cornell Price.  The
16 notice was sent by certified mail with a claim letter describing
17 the defendant currency seized in the above action and giving
18 notice as to the time within which a claim and answer were
19 required to be filed as required by Local Rule C(4)(a)(3).
20 Copies of the First Amended Verified Complaint and the United
21 States Marshal's Notice of Seizure were also provided.  Attached
22 hereto as Exhibit "C" is true and correct copy of the claim
23 letter, and a copy of the green United States Postal Service
24 return receipt card.

25     8.    On December 11, 2007, the United States served notice
26 of the Complaint on potential claimant Beverly Turner at her last

27

28  [3] The address was redacted pursuant to Local Rule 79-5.4(e).

13

known address in Los Angeles, California.[4]   The notice was sent
by certified mail with a claim letter describing the defendant
currency seized in the above action and giving notice as to the
time within which a claim and answer were required to be filed as
required by Local Rule C(4)(a)(3).  Copies of the First Amended
Verified Complaint and the United States Marshal's Notice of
Seizure were also provided.  Attached hereto as Exhibit "D" is a
true and correct copy of the claim letter, which was returned
stamped "NOT DELIVERABLE AS ADDRESSED.  UNABLE TO FORWARD.".

        9.   In accordance with Supplemental Rule G(5), the time for
potential claimants James Turner and Beverly Turner to file a
claim in this action expired on January 15, 2008, and the time
for filing an answer expired on February 4, 2008.

        10.   Prior to January 15, 2008, I received a phone call from
Mr. Price, James Turner's attorney, during which he indicated
that he intended to file a claim prior to the January 15, 2008
deadline.  On February 6, 2008, I sent Mr. Price a letter stating
that if a verified claim was not filed by February 13, 2008, I
would request that default be entered.  A true and correct copy
of the letter is attached hereto as Exhibit "E".

        11.   After receiving a phone call from Mr. Price on February
19, 2008, I sent Mr. Price an e-mail the following day stating
that I would wait until March 4, 2008 to file a request for entry
of default.  A true and correct copy of the e-mail is attached
hereto as Exhibit "F".  No further extensions have been
requested.

_____

    [4] The address was redacted pursuant to Local Rule 79-5.4(e).

14

1      12.   On March 27, 2008, a Default by Clerk as to the

2  government's First Amended Verified Complaint for Forfeiture was

3  entered against James Turner, Beverly Turner, and all other

4  potential claimants.  A true and correct copy of the Default by

5  Clerk is attached hereto as Exhibit "G."

6      13.   James Turner filed a claim on March 21, 2008, which is

7  beyond the March 4, 2008 deadline and three days after plaintiff

8  filed is application for entry of default. See Docket #16 and

9  #17.

10      14.   Plaintiff has not received a filed claim or answer from

11  potential claimant Beverly Turner or any other potential

12  claimant.

13      15.   On information and belief, potential claimants James

14  Turner and Beverly Turner are neither minors nor incompetent

15  persons.

16      16.   On information and belief, potential claimants James

17  Turner and Beverly Turner do not serve in the U.S. military;

18  accordingly, the Soldiers' and Sailors' Civil Relief Act of 1940

19  does not apply.

20      17.   On the date of filing, the government's Notice of Motion

21  and Motion for Default Judgment was served by U.S. mail on

22  potential claimant Beverly Turner at her last known address and on

23  James Turner at his place of incarceration and in care of Cornell

24  Price, James Turner's attorney in a related criminal matter.

25      I declare under penalty of perjury, under the laws of the

26  / / /

27  / / /

28  / / /

1   United States of America, that to the best of my knowledge, the

2   foregoing is true and correct.

3        Executed on April 21  , 2008 in Los Angeles, California.

4

5   _____
    LISABETH SHINER

6